**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **LBDS HOLDING COMPANY, LLC,** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 6:11-CV-428 |
| **ISOL TECHNOLOGY INC., ET AL.,** | § § | |
| Defendants. | § § § | |

**ORDER**

Before the Court is Defendants' Motion for Partial Dismissal (Docket No. 147), Plaintiff's Motion to Strike the Testimony of Dr. Kappelman (Docket No. 149), and Defendants' Motion for Leave to file a Reply (Docket No. 153). For the reasons below, Defendants' Motion for Dismissal is **DENIED** and Plaintiff's Motion to Strike is **GRANTED-IN-PART** and **DENIED-IN-PART**, and Defendants' Motion for Leave to File a Reply is **DENIED**.

**MOTION FOR DISMISSAL**

Defendants claim Plaintiff is seeking damages that legally belong to a separate entity, therefore Defendants argue the Court does not have subject matter jurisdiction to consider these damages. Defendants have produced a document that describes Plaintiff as a "purchasing consultant" for Chase Medical. Docket No. 110, Ex. A (MRI Development and Supply Purchasing Agreement). This document requires Chase Medical to pay all of Plaintiff's expenses and to collect all of Plaintiff's profits. *Id.* Thus, Defendants claim the following damages belong to Chase Medical or its affiliates: Plaintiff's claim for lost profits, Plaintiff's claim for reliance damages, Plaintiff's claim for unjust enrichment, and Plaintiff's claim for damages relating to trade secret misappropriation. Docket No. 147 at 1–2.

Though Defendants raise legitimate issues regarding Plaintiff's damages, Plaintiff has standing to assert claims for breach of contract and trade secret misappropriation against Defendants. First, Defendants admit Plaintiff has standing to assert its breach of contract claims. Docket No. 147 at 1. A dispute that Plaintiff cannot prove the full amount it requests is more suited for a directed verdict rather than a motion to dismiss for lack of standing. Further, though the MRI Development and Supply Purchasing Agreement contemplates Chase Medical retaining the ownership of the trade secrets, it effectively licenses the use and possession of those trade secrets to Plaintiff. The Texas Uniform Trade Secrets Act does not require ownership of trade secrets to sustain a misappropriation claim or to recover damages. TEX. CIV. PRAC. & REM. CODE § 134A.002–04. Therefore, Plaintiff has standing to assert this claim as well. Accordingly, Defendants' Motion to Dismiss is **DENIED**.

Additionally, the Court notes it has serious concerns as to the sufficiency of the evidence relating to Plaintiff's claim for lost profits.[1] Plaintiff's claim for the consequential lost profits of an unproven venture was already on uncertain ground,[2] and now it is more precarious considering any lost profits may legally belong to another entity. Based on the present evidence, there is a strong likelihood the Court will grant a motion for judgment as a matter of law regarding the claim for lost profits. Accordingly, Plaintiff may wish to consider whether to further pursue damages for lost profits and shall notify Defendants and the Court by **8:00 p.m., March 2, 2014**, if it will be presenting such a claim.

---

[1] Plaintiff makes a claim for lost profits of $57.2 million; a claim for reliance damages of $3.1 million; a claim for unjust enrichment of $760,693; and a claim for exemplary damages. *See* Docket No. 147 at 5. The lost profits are based on an MRI Distribution Agreement between a Chase Medical affiliate and Cerner Corporation. *Id.* The Court's concern is directed towards this claim for lost profits rather than the reliance or unjust enrichment and exemplary damages claims.

[2] *See, e.g.*, *M&A Tech., Inc. v. iValue Group, Inc.*, 295 S.W.3d 356, 366 (Tex. App. El Paso 2009).

**MOTION TO STRIKE**

On December 19, 2014, Defendants served a supplemental expert report from their liability expert, Dr. Kappelman. Though untimely, the Court ruled Defendants could rely on this report but granted Plaintiff leave to file a *Daubert* Motion. Docket No. 146. Plaintiff now seeks to strike several sections of Dr. Kappelman's December 19, 2014 report and prevent Dr. Kappelman from offering any opinion regarding MRI technology, Plaintiff's ownership of trade secrets, or the standard of care under the Technology Services and Product Supply Agreement (the "Agreement"). Plaintiff argues that Dr. Kappelman, as a software development expert, is not qualified to opine on matters concerning MRI technology.

Plaintiff is correct that Dr. Kappelman is not an expert in MRI technology, and therefore his opinions relating to whether Defendants delivered a "clinically acceptable cardiac image" are **STRICKEN**. Plaintiff is also correct that Dr. Kappelman's opinions on Plaintiff's ownership of the proprietary information under the Agreement are untimely and irrelevant. In this case, the dispute over ownership is irrelevant to whether the proprietary information was unlawfully used or disclosed. Accordingly, Dr. Kappleman's opinions relating to ownership are **STRICKEN**.

However, Dr. Kappelman is qualified to opine on the ultimate issue of whether the Defendants have used or disclosed the MRI proprietary information. Though the Agreement concerns developing MRIs, the primary dispute is Defendant's allegedly unlawful use of Plaintiff's source and support software code. Likewise, the dispute over whether Defendants breached the Agreement's standard of care provision concerns industry standards for software development. These areas are well within the scope of Dr. Kappelman's expertise. Therefore, the Court **DENIES** Defendants request to strike Dr. Kappelman's opinions except as described above. Accordingly, Plaintiff's Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## MOTION FOR LEAVE TO FILE A REPLY

Defendants fitst moved to dismiss for lack of standing during the pretrial hearing on February 25, 2014. To accommodate the March 3, 2014 trial date, the Court set an expedited briefing schedule on the motion, in which there was no reply. Docket No. 146 at 2. Accordingly, Defendants' Motion for Leave to File a Reply is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Dismissal is **DENIED** (Docket No. 147), Plaintiff's Motion to Strike is **GRANTED-IN-PART** and **DENIED-IN-PART** (Docket No. 149) and Defendants' Motion for Leave to File a Reply is **DENIED** (Docket No. 153).

**So ORDERED and SIGNED this 2nd day of March, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**