**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **LBDS HOLDING COMPANY, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | **NO. 6:11:CV-00428-LED** |
| *v.* | § | |
| | § | |
| **ISOL TECHNOLOGY, INC.,** | § | |
| **MEDIVALLEY, INC. AND HEUNG-** | § | |
| **KYU LEE,** | § | |
| *Defendants.* | § | |

<u>**RESPONSE TO EMERGENCY MOTION FOR SANCTIONS**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff LBDS Holding Company, LLC[1] ("LBDS" or "Plaintiff") files this Response to Defendants' Emergency Motion for Sanctions (Doc. No. 199), and in support hereof would respectfully show the Court as follows:

**I. SUMMARY OF RESPONSE**

*Plaintiff admits that it produced unauthentic documents in discovery and that it used such documents as evidence at trial to support its damages calculations.* Plaintiff apologizes to the Court and, with utmost humility and deference to the Court, humbly asks for the Court's patience and forgiveness. Plaintiff denies any implication by its former counsel that it refused to come forward about the use of such documents and instead will show that it was ready to immediately inform the Court. Plaintiff also asserts that Defendants request sanctions in excess of what is necessary to remedy this issue, and that the Court should only vacate the jury's verdict, if at all, strictly as to damages.

---

[1] This response is filed solely on behalf of Plaintiff LBDS Holding Company, LLC and is not made on behalf of any of its principals, members, officers, directors, or agents in their individual capacity.

## II. PROCEDURAL BACKGROUND

1.      During the pendency of this matter, LBDS produced over eight thousand (8,000) pages in response to various requests for production served by Defendants, including the several documents (email chains and a distribution agreement) of which Defendants now complain (the "Subject Documents"). In diligently responding to written discovery and attorney requests, LBDS transferred to its attorneys several boxes—all related to the transaction(s) at issue in this lawsuit—without sifting through them or examining each page. Instead, knowing that the boxes contained responsive or potentially responsive documents, the boxes were simply tendered to Sanford E. Warren and the law firm of Akin Gump Strauss Hauer & Feld, LLP (collectively, "Akin Gump") for review and production. The Subject Documents, which had already been created in approximately 2009—the time of the transaction(s) at issue in this lawsuit, were in the boxes provided to Akin Gump – **they were not generated or created for use in this litigation**.

2.      LBDS admittedly relied in part on the Subject Documents at trial as evidence of its damages resulting from Defendants' contract breaches, misappropriation of trade secrets, and unfair competition. LBDS' damages expert likewise relied in part on the Subject Documents in reaching his opinions and conclusions. Upon information and belief, the Subject Documents were not used or presented to establish Defendants' liability. Indeed, Plaintiff's evidence relating to liability was based in large part on the written agreements between Plaintiff and Defendant ISOL Technology, Inc. ("ISOL"), expert testimony regarding computer code and programming concepts, and fact testimony unrelated to the Subject Documents.

3.      On March 12, 2014, the jury returned a Verdict (Doc. No. 168) finding Defendant ISOL liable for: (i) breach of contract, (ii) misappropriation of trade secrets, and (iii) unfair competition, and determining that Plaintiff is not for ISOL's counterclaims.

4.      On May 14, 2014, Defendants served on Plaintiff a courtesy copy of their Motion for Sanctions prior to filing same. On May 15, 2014, Plaintiff[2] disclosed to Akin Gump that it realized the Subject Documents were, in fact, not authentic.[3] Akin Gump then stated that the truth about the Subject Documents needed to be disclosed to the Court, but that it was unsure of the mechanism for doing so. *Plaintiff expressly stated that it would disclose the true facts to the Court* and asked for Akin Gump's guidance in doing so. **Plaintiff never refused to inform the Court that the Subject Documents were not authentic.** Akin Gump never informed Plaintiff, because there was no need to, that it would publish attorney-client communications if Plaintiff refused to address the Court regarding the Subject Documents.

5.      Without any further communication to Plaintiff, Akin Gump sent Plaintiff a letter on May 16, 2014 informing Plaintiff that it intended to withdraw as counsel and stated for the first time that it would soon disclose Plaintiff's statements to the Court if Plaintiff didn't respond by the end of the next business day, May 19, 2014. At 12:19 p.m. on May 19, 2014, LBDS informed Akin Gump of its intent to inform the Court with advice of new counsel:

From: Bert Davis [mailto:bdavis@chasemedical.com]
Sent: Monday, May 19, 2014 12:19 PM
To: Chasnoff, Barry
Cc: Warren, Sanford; David Tayce; Suresh Reddy; Dave Hernon
Subject: Fwd: LBDS v ISOL


Mr Chasnoff


We have received the attached letter and understand its implications and your requirements.  We are judiciously seeking new representation with the objective of reporting the entirety of this situation to the court as soon as possible. We request that you do not take any action until our new counsel contacts you.  We expect that our new counsel will be in place and contacting you no later than 5 pm, May 23rd.

---

[2] Contrary to Akin Gump's representations, Mr. David Tayce was not present for the May 15, 2014 phone call.
[3] Plaintiff respectfully asks for the Court's patience and understanding as Plaintiff seeks to exercise full disclosure to the Court while protecting the privilege and confidentiality that attach to attorney-client communications. Indeed, Akin Gump has placed Plaintiff in a difficult position by which Plaintiff must now correct some of Akin Gump's implicit and explicit statements while attempting to preserve the very privilege and confidentiality for which Akin Gump has shown only disregard. Plaintiff expressly asserts the privilege and confidentiality that attached to such communications.

Rather than affording its client (Akin Gump had not yet been permitted by the Court to withdraw) a chance to seek and obtain advice of new counsel in "reporting the entirety of this situation to the [C]ourt as soon as possible," Akin Gump instead allowed LBDS less than twenty-four (24) more hours. Important for purposes of this Response, though, is the fact that **Plaintiff fully intended—prior to Akin Gump's publication of privileged and confidential information—to present the truth about the Subject Documents to the Court.**

6.      On May 21, 2014, Defendants ISOL Technology, Inc., Medivalley, Inc. and Dr. Heung-Kyu Lee filed their Emergency Motion for Sanctions (Doc. No. 199) citing Plaintiff's alleged "use of manufactured and forged documents throughout this lawsuit…"

7.      Contemporaneous with the filing of Defendants' request for sanctions, Plaintiff's then-counsel, Akin Gump, filed its Notice to Court Pursuant to Texas Disciplinary Rule of Professional Conduct 3.03 and Unopposed Motion to Withdraw as Counsel for Plaintiff (Doc. No. 201) disclosing various confidential and privileged attorney-client communications while misstating and mischaracterizing such purported communications for Akin Gump's own benefit.

## II. ARGUMENT & AUTHORITIES

### A. The Subject Documents and the Limits of their Use

#### 1. Plaintiff Admits That It Produced and Used as Evidence Unauthentic Documents

8.      Plaintiff understands the crucial importance of candor to the Court under all circumstances, including with regard to the issues presented to the Court in Defendants' Motion for Sanctions. As such, Plaintiff wants to be clear up front: *Plaintiff admits that it produced unauthentic documents in discovery and that it used such documents as evidence at trial to support its damages calculations.*

### 2. The Subject Documents Related Only to Plaintiff's Damages

9.      Plaintiff believes that the impact of the Subject Documents should be viewed in the context of this case as a whole, including the context in which they were used at trial. Plaintiff initiated this lawsuit after discovering that Defendant ISOL, acting singularly and in conjunction with the other Defendants, not only abandoned the agreement between the parties, but did so with the intent to breach the confidentiality provisions of its agreement with Plaintiff. It soon became clear that ISOL took Plaintiff's software code and embedded it into ISOL's own software developed after ISOL's breach (and as part of a new breach). Plaintiff's technology expert further clarified this point, without reference to or reliance on any of the Subject Documents. The evidence adduced at trial further showed that ISOL simultaneously took the technology it stole from Plaintiff and tried to peddle it to third-parties for ISOL's own financial gain. Again – the Subject Documents do not touch on the findings of liability by the jury.

### B. The Court Should Not Vacate the Verdict as to Liability

10.     Plaintiff fully understands the implications of its production and use of the Subject Documents, and does not dispute that certain of the *Federal Rules of Civil Procedure*, in addition to the Court's inherent authority, likely warrant the Court's imposition of corrective action and sanctions under these circumstances. However, Defendants cite to no authority in which a court has vacated a jury's findings as a manner of sanctioning a party. Indeed, a jury's findings are virtually sacrosanct absent a showing that the evidence presented at trial was not sufficient to support the jury's findings.

11.     Defendants have not alleged, and they cannot establish, that there was not sufficient evidence on the issues of liability submitted to the jury. The Subject Documents did not address the liability of the respective parties to this lawsuit. Thus, the Court's imposition of

sanctions—based on Defendants' complaints and Plaintiff's forthcoming admission regarding the Subject Documents—should be limited to setting aside the jury's findings solely as to damages.

### C. The Court Should Not Award Defendants Attorney's Fees

12.     That Plaintiff relied on the Subject Documents in relation to its damages does not automatically vitiate the overall validity of its claims in this lawsuit, nor does it mean that Plaintiff did not incur damages as a result of Defendants' wrongful conduct. As stated above, the Subject Documents related solely to damages, and Plaintiff avers that even without the Subject Documents, it could have established during motion practice and at trial that its damages (i) were significant, (ii) were recoverable, and (iii) were directly attributable to Defendants' acts. Defendants would not have escaped incurring attorney's fees to defend this lawsuit if Plaintiff had never possessed or used the Subject Documents. Accordingly, Defendants should not be awarded their attorney's fees for the entirety of this litigation when the Subject Documents related only to damages. Alternatively, any award of fees to Defendants should be proportionate to the amount of time/fees incurred specifically in relation to the damages claims in this lawsuit.

### III. PRAYER

Plaintiff prays that the Court consider this Response and, after hearing, deny Defendants' request to vacate the entirety of the jury's verdict, instead vacating only the findings as to damages, and further denying Defendants' request for an award of attorney's fees.

Dated: July 18, 2014                              Respectfully submitted,

                                        By:      _____
                                                 **Samuel H. Johnson** (*lead attorney*)
                                                 State Bar No. 24065507
                                                 sjohnson@johnsonbroome.com
                                                 **JOHNSON BROOME, P.C.**
                                                 2591 Dallas Parkway, Suite 300
                                                 Frisco, Texas 75034
                                                 972.918.5274 (P)
                                                 972.584.6054 (F)
                                                 **Attorney for Plaintiff LBDS Holding
                                                 Company, LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served on all counsel of record via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on this 18th day of July, 2014.

_____
**Samuel H. Johnson**